FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 22  AM 11: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM J. ARMSTRONG, III | CIVIL ACTION |
| versus | 04-1438 |
| MEDTRONIC, INC., ET AL | SECTION I/4 |

## ORDER

Before the Court is a motion, filed on behalf of defendant, Gregory C. Dowd, M.D., to dismiss or, alternatively, to stay plaintiff's medical malpractice claims pending the completion of the medical review panel process required pursuant to Louisiana law.[1] Plaintiff opposes the dismissal of his claims against Dr. Dowd without prejudice, but he does not object to a stay of these proceedings. On February 11, 2005, this Court issued a minute entry notifying all parties of this Court's intent to stay all proceedings in this case and allowing all parties an opportunity to object.[2] Defendant, Medtrotinc, Inc., and its subsidiaries timely filed an objection to a stay contending on the ground that it plans to filed dispositive motions on issues independent of the medical malpractice claim against Dr. Dowd.

A district court has general discretionary power to stay proceedings before it in the control of its docket and in the interest of justice if such a stay is not immoderate or it is not of indefinite duration. *McKnight v. C.H. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Courts in this district have stayed proceedings involving Louisiana medical malpractice claims to permit the conclusion

---

[1] Rec. Doc. No. 10.

[2] *See* Rec. Doc. No. 16.

DATE OF ENTRY
FEB 23 2005

___ Fee____
___ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No.____

of medical review panel proceedings when other claims in the case will overlap to avoid piecemeal resolution of the claims and ensure consistent results. *Sousa v. Prosser, D.O.*, 2004 WL 1497764, *4 (E.D.La. July 1, 2004)(citing cases granting motions to stay). Although the Medtronic defendants contend that their dispositive motions will be based upon issues independent of plaintiff's medical malpractice claim against Dr. Dowd, they acknowledge that there may be some overlap in discovery in this matter.

The Court finds that "the medical malpractice and products liability elements of this case cannot be neatly separated as [the Medtronic defendants] suggest." *Cooper v. SOFAMOR, Inc.*, 1993 WL 17634, *2 (E.D.La. January 15, 1993). Given the nature of plaintiff's claims, a stay of these proceedings until the medical review panel process is completed is warranted to avoid piecemeal resolution of the issues present in this case. Plaintiff represents that the review panel is currently in the process of scheduling a meeting of the three-doctor panel and that he expects the review panel process to be concluded in the relatively near future. However, because the Court is not certain how long resolution of the medical review panel proceedings may require, any party may seek to lift the stay and reopen the case after a reasonable time if that party believes a change in circumstances warrants such relief.

Accordingly,

**IT IS ORDERED** that the motion to dismiss, filed on behalf of defendant, Gregory C. Dowd, M.D., is **DENIED**. The alternative motion to stay proceedings is **GRANTED**. The proceedings against all defendants shall be **STAYED** pending the completion of the medical review panel proceedings. The Clerk of Court is instructed to administratively close this action pending

further order of this Court. Any party may file a motion to lift the stay and re-open this action if, after a reasonable time, that party believes a change in circumstances warrants seeking such relief.

New Orleans, Louisiana February, ___18___, 2005

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE